UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIKOLA LOVIG,<br>　　　　Plaintiff,<br>　　v.<br>BEST BUY STORES LP, et al.,<br>　　　　Defendants. | Case No. 18-cv-02807-PJH<br><br>**ORDER DENYING MOTION TO VOLUNTARILY DISMISS**<br><br>Re: Dkt. No. 29 |

Plaintiff's motion to Voluntarily Dismiss Claims One through Six Without Prejudice came on for hearing before this court on June 19, 2019. Plaintiff did not make an appearance, but his attorney called to advise that he had missed his flight and subsequently filed a written explanation. Defendants appeared through their counsel, Barbara Miller. Having read the papers filed by the parties and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion, for the reasons stated at the hearing and for the following reasons.

**BACKGROUND**

Plaintiff Nikola Lovig was an employee of defendant Best Buy Stores, L.P. ("Best Buy Stores") from approximately April 24, 2004 through May 12, 2017. See First Amended Complaint ("FAC"), Dkt. 14 ¶ 21. On April 3, 2018, plaintiff filed a complaint in Alameda County Superior Court against Best Buy Stores and Best Buy Co., Inc. (together "Best Buy") on behalf of himself and a putative class of "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California during the Relevant Time Period." Compl., Dkt. 1-1

¶ 12; see also FAC ¶ 13 (same). The state-court complaint alleged the following causes of action: (1) failure to provide meal periods, (2) failure to provide rest periods, (3) failure to pay hourly wages, (4) failure to provide accurate written wage statements, (5) failure to timely pay all final wages, and (6) unfair competition. See Compl.; FAC.

On May 11, 2018, defendants removed the action to this court. Dkt. 1. On July 10, 2018, plaintiff filed an amended complaint adding a seventh cause of action (7) under the Private Attorneys General Act, Cal. Lab. Code §§ 2698, et. seq. ("PAGA"). See FAC.

On July 18, 2018, defendants moved to compel arbitration. Dkt. 15. On August 28, 2018, this court issued an order finding that the parties had entered into an enforceable arbitration agreement that governed plaintiff's non-PAGA claims. Dkt. 27. That order compelled arbitration of plaintiff's non-PAGA claims and stayed the action pending resolution of the arbitration. Id. The arbitration has not yet completed.

On April 26, 2019, plaintiff filed a motion pursuant to Federal Rule of Civil Procedure 41 to voluntarily dismiss his "First through Sixth Causes of Action without prejudice so Plaintiff may proceed in a representative capacity, with his Seventh Cause of Action under PAGA." Dkt. 29 at 1. Defendants oppose the motion.

**DISCUSSION**

**A.    Legal Standard**

**1.    Federal Rule of Civil Procedure Rule 41**

A plaintiff may voluntarily dismiss an action without court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A).

Except under those circumstances, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." Smith v. Lenches, 263 F.3d 972, 975 (9th Cir. 2001) (footnote omitted).

Rule 41 "only applies to dismissals of all claims against a particular defendant, not to dismissals of less than all claims against that defendant." ECASH Techs., Inc. v. Guagliardo, 35 F. App'x 498, 499 (9th Cir. 2002) (citing Gen. Signal Corp. v. MCI Telecomms. Corp., 66 F.3d 1500, 1513 (9th Cir. 1995); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) ("a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint")); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687–89 (9th Cir. 2005) (applying the same reasoning to Rule 41(a)(2)). When a purported dismissal is "of less than all counterclaims, Rule 41(a) [is] inapplicable." ECASH Techs., 35 F. App'x at 499; Hells Canyon, 403 F.3d at 689 n.7 ("Rule 41(a) does *not* encompass the dismissal of individual claims").

Instead, "Rule 15, not Rule 41, governs the situation when a party dismisses some, but not all, of its claims" against a defendant. Gen. Signal Corp., 66 F.3d at 1513; Ethridge, 861 F.2d at 1392 ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism where a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants.") (internal quotation marks omitted); Hells Canyon, 403 F.3d at 687–89 (Rule 41(a) "does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings.").

### 2. Federal Rule of Civil Procedure Rule 15

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and permits a party to amend a previously-amended pleading "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The grant or denial of leave to amend is within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962).

In determining whether to grant leave to amend, the court should consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure

deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." Moore v. Kayport Package Express, Inc., 885 F.2d 531, 538 (9th Cir. 1989); see also Foman, 371 U.S. at 182. While the court should consider all those factors, "the crucial factor is the resulting prejudice to the opposing party." Howey v. United States, 481 F.2d 1187, 1190 (9th Cir. 1973).

**B. Analysis**

    **1. Plaintiff's Motion Fails When Construed As Either a Motion to Voluntarily Dismiss or a Motion to Amend the Complaint**

Plaintiff moved to voluntarily dismiss some, but not all, of his claims pursuant to Rule 41. But Rule 41 "only applies to dismissals of all claims against a particular defendant, not to dismissals of less than all claims against that defendant." ECASH Techs., 35 F. App'x at 499. Because plaintiff is attempting to dismiss some but not all of his claims against defendants, plaintiff's motion fails under Rule 41.

The court may construe plaintiff's motion as a motion to amend his complaint under Rule 15. Defendants' opposition brief identified Rule 15 as the proper procedural mechanism, and plaintiff seemed to adopt that position in his reply brief. However, even after being alerted to the fact that his motion should have been filed pursuant to Rule 15, plaintiff has not submitted a proposed amended complaint as required by this district's Local Rules. See Civ. L.R. 10-1 ("Any party . . . moving to file an amended pleading must reproduce the entire proposed pleading[.]"). As such, plaintiff's motion does not comply with this district's basic requirements of a motion to amend the complaint.

    **2. The Federal Arbitration Act Does Not Permit Plaintiff to Amend the Complaint**

More importantly, defendants argue that this case is currently stayed, and that plaintiff is seeking a court order advancing the litigation without first requesting that the court lift the stay. That much is true—the action is stayed pursuant to 9 U.S.C. § 3 (Dkt. 27), and no party has moved this court to lift the stay. Plaintiff ignores this point entirely, and the court declines to proceed with motion practice in a stayed case.

Moreover, even if plaintiff had moved to lift the stay, defendants argue that 9 U.S.C. § 3 requires the stay to remain in effect until arbitration is complete. Plaintiff has also not addressed that argument.

The Federal Arbitration Act ("FAA") provides that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, **shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,** providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). The plain language of the FAA seems to require that, if "any issue" is referred to arbitration, the court "shall" stay the "action" pending arbitration upon request. Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1073–74 (9th Cir. 2014); see also Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 88 (2000) (applying "the plain language of the statutory text" in interpreting the FAA). The statute compels staying the entire action and leaves no room to stay certain claims and proceed with or dismiss others.

There is an exception to that literal reading of Section 3. In this Circuit, "notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when . . . the court determines that all of the claims raised in the action are subject to arbitration." Johnmohammadi, 755 F.3d at 1074. When elucidating that exception, the Ninth Circuit has consistently explained that it applies only when "all of the claims raised in the action are subject to arbitration." Johnmohammadi, 755 F.3d at 1074; see Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999) (dismissal affirmed where "all of Simula's claims against Autoliv were subject to the arbitration clause"); Sparling v. Hoffman Const. Co., 864 F.2d 635, 638 (9th Cir. 1988) ("the arbitration clause was broad enough to bar all of the plaintiff's claims since it required Active to submit all claims to arbitration"); see also, e.g., Campos v. JPMorgan Chase

Bank, NA, Case No. 18-cv-06169-JSC, 2019 WL 827634, at *12 (N.D. Cal. Feb. 21, 2019) ("Courts in this District regularly dismiss actions after granting motions to compel arbitration where all of the plaintiff's claims were subject to arbitration.") (collecting cases). Neither Section 3 nor the Ninth Circuit contemplates staying or dismissing less than the entire action.

This court has previously determined that some but not all of Lovig's claims against Best Buy are arbitrable. Dkt. 27. Because this action raises claims both subject to arbitration and not subject to arbitration, 9 U.S.C. § 3 dictates that it must be stayed pending arbitration, and the Ninth Circuit exception allowing dismissal of an action when all asserted claims are arbitrable is not applicable. In short, 9 U.S.C. § 3 does not allow this court to dismiss Lovig's arbitrable claims and proceed with his non-arbitrable claims. Therefore, the court must continue to stay the entire action—and cannot dismiss fewer than all of the claims—until the contracted-for "arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to voluntarily dismiss claims one through six without prejudice is DENIED. The previously-ordered stay remains in effect pending resolution of the arbitration.

**IT IS SO ORDERED.**

Dated: June 21, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge