UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NIKOLA LOVIG,

        Plaintiff,

    v.

BEST BUY STORES LP, et al.,

        Defendants.

Case No. 18-cv-02807-PJH

**ORDER GRANTING MOTION TO LIFT STAY**

Re: Dkt. No. 68

    Before the court is plaintiff Nikola Lovig's motion to lift the stay currently in place. Dkt. 68. The matter is fully briefed and suitable for decision without oral argument. Accordingly, the hearing set for June 13, 2024 is VACATED, and the parties' stipulation to reschedule that hearing is TERMINATED as moot. See Dkt. 73. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

    Plaintiff Nikola Lovig was an employee of defendant Best Buy Stores, L.P. ("Best Buy") from approximately April 24, 2004 through May 12, 2017. See First Amended Complaint ("FAC"), Dkt. 14 ¶ 21. On April 3, 2018, he filed a complaint in Alameda County Superior Court against Best Buy Stores and Best Buy Co., Inc. (together "Best Buy") on behalf of himself and a putative class. See Compl., Dkt. 1-1 ¶ 12; see also FAC ¶ 13 (same). The state-court complaint alleged the following causes of action: (1) failure to provide meal periods, (2) failure to provide rest periods, (3) failure to pay hourly wages, (4) failure to provide accurate written wage statements, (5) failure to timely pay all final wages, and (6) unfair competition. See Compl.; FAC.

On May 11, 2018, defendants removed the action to this court.  Dkt. 1.  On July 10, 2018, plaintiff filed an amended complaint adding a seventh cause of action under the Private Attorneys General Act, Cal. Lab. Code §§ 2698, et. seq. ("PAGA").  See FAC.

On July 18, 2018, defendants moved to compel arbitration.  Dkt. 15.  On August 28, 2018, this court issued an order finding that the parties had entered into an enforceable arbitration agreement that governed plaintiff's non-PAGA claims.  Dkt. 27.  That order compelled arbitration of plaintiff's non-PAGA claims and stayed the action pending resolution of the arbitration.  Id.

On July 15, 2022, following the arbitrator's decision, this court entered a stipulated order entering final judgment in favor of defendants.  Dkt. 57.  Plaintiff appealed.  Dkt 59.  On November 17, 2023, the Ninth Circuit Court of Appeals issued a memorandum disposition affirming this court's orders compelling arbitration and confirming the arbitration award.  Dkt. 64.  The mandate issued on December 11, 2023.  Dkt. 65.

On January 23, 2024, plaintiff filed a "status report" requesting that the stay of the remaining PAGA claim be lifted.  Dkt. 66.  The clerk issued a notice that plaintiff's status report was an ineffective mechanism to seek action from the court.  Dkt. 67.  On April 29, 2024, plaintiff filed a motion to lift the stay, which is now pending before the court.  Dkt. 68.  Best Buy filed an opposition.  Dkt. 69.  Plaintiff replied.  Dkt. 70.

Plaintiff argues that the court has the inherent power to lift the stay.  Given that the stay was in effect pending resolution of the arbitration, and that the arbitration and associated appeal are now complete, the court should lift the stay as contemplated by the order staying the action.  Best Buy does not contest that the court has the authority to lift the stay or that the arbitration has concluded.  Rather, Best Buy in opposition argues that the court should dismiss the action.  But an opposition to a motion to lift a stay is not the proper mechanism by which to move the court to dismiss an action.

This court finds that it has the power to lift the stay it imposed, which no party contests.  And as the conditions justifying the stay as outlined in the court's order

imposing the stay have concluded, the court finds it proper to lift the stay. Accordingly, the STAY IS HEREBY LIFTED.

The court also declines to consider Best Buy's opposition as a motion to dismiss. Best Buy, however, raises legitimate issues in its opposition that would be appropriate to consider if presented in a motion to dismiss. The court grants leave for Best Buy to file a motion to dismiss raising those issues—in particular whether Adolph v. Uber Techs., Inc., 14 Cal. 5th 1104 (2023) and Johnson v. Lowe's Home Centers, LLC, 93 F.4th 459 (9th Cir. 2024) preclude plaintiff from pursuing his PAGA claims in light of the arbitration and this court's entry of a stipulated final judgment—as soon as practicable. Best Buy's motion to dismiss will be resolved on the papers, so it should not be noticed for a hearing.

**IT IS SO ORDERED.**

Dated: May 31, 2024

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge