1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7    NIKOLA LOVIG,
8                      Plaintiff,                   Case No.  18-cv-02807-PJH
9          v.
                                                    **ORDER GRANTING DEFENDANTS'
10   BEST BUY STORES LP, et al.,                    MOTION FOR SUMMARY JUDGMENT**
11                     Defendants.                  Re: Dkt. No. 75
12
13
14         Before the court is defendants Best Buy Stores, L.P. and Best Buy Co., Inc.'s

15   (together "Best Buy") motion for summary judgment.  Dkt. 75.  The matter is fully briefed

16   and suitable for decision without oral argument.  Having read the parties' papers and

17   carefully considered their arguments and the relevant legal authority, and good cause

18   appearing, the court hereby rules as follows.

19                              **BACKGROUND**

20         Plaintiff Nikola Lovig was an employee of defendant Best Buy Stores, L.P. from

21   approximately April 24, 2004, through May 12, 2017.  See First Amended Complaint

22   ("FAC"), Dkt. 14 ¶ 21.  On April 3, 2018, he filed a complaint in Alameda County Superior

23   Court against Best Buy on behalf of himself and a putative class of "[a]ll persons

24   employed by Defendants and/or any staffing agencies and/or any other third parties in

25   hourly or non-exempt positions in California during the Relevant Time Period."  Compl.,

26   Dkt. 1-1 ¶ 12; see also FAC ¶ 13 (same).  The state-court complaint alleged the following

27   causes of action:  (1) failure to provide meal periods, (2) failure to provide rest periods,

28   (3) failure to pay hourly wages, (4) failure to provide accurate written wage statements,

1   (5) failure to timely pay all final wages, and (6) unfair competition.  See Compl.; FAC.

2   On May 11, 2018, defendants removed the action to this court.  Dkt. 1.  On July 10, 2018,

3   plaintiff filed an amended complaint adding a seventh cause of action (7) under the

4   Private Attorneys General Act, Cal. Lab. Code §§ 2698, et. seq. ("PAGA").  See FAC.

5   On July 18, 2018, defendants moved to compel arbitration.  Dkt. 15.  On August 28,

6   2018, this court found that the parties had entered into an enforceable arbitration

7   agreement that governed plaintiff's non-PAGA claims, compelled arbitration of those

8   claims, and stayed the action pending resolution of the arbitration.  Dkt. 27.

9        On July 15, 2022, this court entered a stipulated order entering final judgment in

10  favor of defendants and against plaintiff.  Dkt. 57.  Plaintiff appealed.  Dkt 59.  On

11  November 17, 2023, the Ninth Circuit Court of Appeals issued a memorandum

12  disposition affirming this court's orders compelling arbitration and confirming the

13  arbitration award.  Dkt. 64.

14       On April 29, 2024, plaintiff filed a motion to lift the stay, which the court granted.

15  Dkts. 68 & 74.  Defendants thereafter filed the present motion for summary judgment,

16  which is fully briefed.  Dkts. 75, 80 ("Opp.") & 82.

17                              **DISCUSSION**

18  **A.   Legal Standard**

19       Summary judgment is proper where the pleadings, discovery, or affidavits show

20  that there is "no genuine dispute as to any material fact and the movant is entitled to

21  judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Material facts are those "that might

22  affect the outcome of the suit under the governing law".  Anderson v. Liberty Lobby, Inc.,

23  477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine "if the evidence is

24  such that a reasonable jury could return a verdict for the nonmoving party."  Id.  "A

25  'scintilla of evidence,' or evidence that is 'merely colorable' or 'not significantly probative,'

26  is not sufficient to present a genuine issue as to a material fact."  United Steelworkers of

27  Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1542 (9th Cir. 1989) (quoting Anderson, 477

28  U.S. at 249–50).

United States District Court
Northern District of California

**B.     Analysis**

The parties dispute (1) whether plaintiff's PAGA claim is precluded pursuant to the doctrine of collateral estoppel; and (2) if so, whether an exception to issue preclusion should prevent its application.  The court addresses each issue in turn.

**1.     Whether Issue Preclusion Applies to Plaintiff's PAGA Claim**

Defendants argue that because the arbitrator found that plaintiff did not suffer the labor code violations alleged in support of his PAGA claim, collateral estoppel (or issue preclusion) bars plaintiff from litigating his PAGA claim.  Specifically, they argue that plaintiff is precluded from claiming that he suffered any of the Labor Code violations alleged in his complaint, and he must have personally suffered such a violation to have standing to assert his PAGA claim.  Plaintiff argues that issue preclusion does not prevent his PAGA claim under the controlling precedent.

Issue preclusion precludes "relitigation of issues argued and decided in prior proceedings."  Lucido v. Superior Court., 51 Cal. 3d 335, 341 (1990).  The doctrine is applied "only if several threshold requirements are fulfilled," namely: (1) "the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding"; (2) "this issue must have been actually litigated in the former proceeding"; (3) "it must have been necessarily decided in the former proceeding"; (4) "the decision in the former proceeding must be final and on the merits"; and (5) "the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding."  Id.

This question—whether an arbitrator's finding that an individual employee did not suffer any labor code violations divests the employee of standing to bring a PAGA action—has been an active subject of recent litigation.  There was at one time a split within California's Court of Appeal on the question.  Compare Gavriiloglou v. Prime Healthcare Mgmt., Inc., 83 Cal. App. 5th 595 (2022), as modified on denial of reh'g (Sept. 20, 2022), review denied (Jan. 11, 2023) (no issue preclusion) with Rocha v. U-Haul Co. of California, 88 Cal. App. 5th 65, 80 (2023) ("We disagree with Gavriiloglou that the doctrine of issue preclusion applies differently when considering the effect of an

1   adjudication regarding a plaintiff's individual Labor Code claim on that plaintiff's ability to

2   establish PAGA standing.") (citation omitted); see also Gregg v. Uber Techs., Inc., 89

3   Cal. App. 5th 786, 806, review dismissed, cause remanded sub nom. Gregg v. Uber

4   Techs., 534 P.3d 925 (2023) ("A split in authority has recently developed on this issue")

5   (citing Rocha, 88 Cal. App. 5th at 78–82; Gavriiloglou, 83 Cal. App. 5th at 602–07).

6           However, since Gavriiloglou, Rocha, and Gregg were decided, the California

7   Supreme Court and the Ninth Circuit Court of Appeals have answered this question

8   directly.  In Adolph v. Uber Techs., Inc., the California Supreme Court addressed a

9   number of reasons defendant Uber provided when arguing that a "PAGA plaintiff loses

10  standing to litigate non-individual claims in court when the plaintiff's individual claims are

11  subject to arbitration."  14 Cal. 5th 1104, 1123 (2023).  The Supreme Court saw "no basis

12  for Uber's concern" that the individual plaintiff would "be permitted to relitigate whether he

13  is an aggrieved employee in court to establish standing" following an unsuccessful

14  arbitration because "[i]f the arbitrator determines that Adolph is not an aggrieved

15  employee and the court confirms that determination and reduces it to a final judgment,

16  the court would give effect to that finding, and Adolph could no longer prosecute his non-

17  individual claims due to lack of standing."  Id. at 1123–24 (citing Rocha, 88 Cal. App. 5th

18  at 76–82).  The Adolph court ended its discussion of the issue by clarifying that "Viking

19  River makes clear that in cases where the FAA applies, no such relitigation may occur"

20  that "would require relitigating Adolph's status as an aggrieved employee in the context of

21  his non-individual claims" after the arbitrator's resolution of the question.  Id. at 1124.

22          The Ninth Circuit has recognized Adolph's holding.  See Johnson v. Lowe's Home

23  Centers, LLC, 93 F.4th 459, 465 (9th Cir. 2024) ("the [Adolph] Court held that if the

24  plaintiff lost on the merits of his individual PAGA claims in arbitration, he no longer had

25  standing to pursue his non-individual PAGA claims in court").

26          The California Supreme Court and the Ninth Circuit have both confirmed that an

27  arbitrator's final finding that an employee did not suffer any of the labor code violations

28  that form the basis of his representative PAGA claim precludes that employee from

United States District Court
Northern District of California

4

1   arguing that he is an "aggrieved employee" under PAGA and accordingly divests him of

2   standing to bring a representative PAGA action.  Accordingly, absent an exception, issue

3   preclusion prevents plaintiff from pursuing his representative PAGA claim.

### 2.   Whether An Exception to Issue Preclusion Applies

#### a.   Full and Fair Opportunity to Litigate

6          Issue preclusion does not apply "if such application would not serve its underlying

7   fundamental principles of promoting efficiency while ensuring fairness to the parties."

8   People v. Strong, 13 Cal. 5th 698, 716 (2022), reh'g denied (Sept. 14, 2022) (internal

9   quotation marks omitted).  Issue preclusion thus does not apply if "the party sought to be

10  precluded did not have an adequate opportunity or incentive to obtain a full and fair

11  adjudication in the initial action."  People v. Bratton, 95 Cal. App. 5th 1100, 1117 (2023),

12  review denied (Dec. 13, 2023) (internal quotation marks omitted).  "Issue preclusion may

13  be inapt if 'the amount in controversy in the first action was so small in relation to the

14  amount in controversy in the second that preclusion would be plainly unfair.'"  B&B

15  Hardware, Inc. v. Hargis Indus., Inc., 575 U.S. 138, 159 (2015) (quoting Restatement

16  (Second) of Judgments § 28, cmt. j).

17         Plaintiff argues that the full and fair opportunity to litigate exception applies here,

18  as plaintiff's individual arbitration posed a much smaller financial risk to defendants than

19  his PAGA claim—hundreds of dollars for the individual claims in comparison to millions of

20  dollars for the representative claim.  Defendants argue that plaintiff bears the burden to

21  demonstrate this exception, and he fails to do so.  The parties engaged in discovery and

22  fully litigated plaintiff's individual disputes.

23         The trouble with plaintiff's argument is that he does not explain how *his* incentive

24  to fully adjudicate his individual claims was diminished by the fact that they posed a

25  smaller financial risk to *defendants* than his representative PAGA claim.  That argument

26  might apply to Best Buy, but the question here concerns *plaintiff's* incentive to litigate, not

27  defendants'.  It is plaintiff's potential recovery—not defendants' potential liability—that

28  might impact plaintiff's incentive to litigate.  Therefore, his argument about the disparate

United States District Court
Northern District of California

United States District Court
Northern District of California

1   potential liability defendants faced is unavailing.

2        To the extent plaintiff argues that his potential recovery would be larger in the

3   PAGA action than in the individual arbitration (it is not clear that plaintiff makes this

4   argument), he fails to carry his burden.  Plaintiff posits that the PAGA claim might accrue

5   "millions of dollars" (Opp. at 12), 25 percent of which are distributed "to the aggrieved

6   employees" (Cal. Lab. Code § 2699(i)).  But plaintiff makes no attempt to compare his

7   personal potential recovery in a PAGA suit to the recovery he could collect based on his

8   individual claims.  Plaintiff leaves that question entirely to speculation, as it is far from

9   certain what amount may eventually accrue to plaintiff himself given that any recovery is

10  distributed to all aggrieved employees, and plaintiff identifies nothing in PAGA that

11  authorizes any incentive payment to the named plaintiff.

12       Accordingly, plaintiff has failed to demonstrate that he lacked the incentive to fully

13  and fairly litigate his individual claims at arbitration.

14                  **b.      Material Change in Law**

15       "Collateral estoppel will not be applied where there has been a material change in

16  the law."  Sacramento County Employee's Retirement System v. Superior Court, 195 Cal.

17  App. 4th 440, 452 (2011).

18       Plaintiff argues that the arbitrator's decision in 2021 misapplied a California

19  Supreme Court decision published in 2020.  He argues that the arbitrator's decision was

20  "mere months" after the Supreme Court decision in Donohue v. AMN Services, LLC, 11

21  Cal. 5th 58, and the arbitrator incorrectly applied that decision.  Opp. at 13.  Plaintiff also

22  argues that the arbitrator misapplied a 2012 court ruling.  Id.  Moreover, plaintiff argues

23  that more recent court orders (one from the Eastern District of California and one from

24  the California Supreme Court) have "expanded" and "clarified" California law in that they

25  "have clarified an [sic] materially altered the standards for 'hours worked' and employers

26  [sic] timekeeping obligations" since the arbitration.  Id. at 14.

27       Best Buy argues that plaintiff should have moved to vacate the arbitrator's award if

28  he wished to challenge it and that plaintiff failed to cite Donohue to the arbitrator, even

though it was decided three months before plaintiff's arbitration brief was filed.

Here, plaintiff has not met his burden to demonstrate a material change in law. The decisions he cites that were published before the arbitration's summary judgment briefing was complete cannot satisfy the standard, nor can the non-binding federal district court order plaintiff cites.

That leaves Huerta v. CSI Electrical Contractors, Inc., 15 Cal. 5th 908 (2024) as the only potentially relevant authority upon which plaintiff's argument is based.  Plaintiff argues that case "clarif[ied] what constitutes 'hours worked' for purpose of an exit security procedure within the meaning of Wage Order No. 16."  Opp. at 13–14.  That case held that "when an employee spends time on his employer's premises awaiting and undergoing an exit security procedure that includes a vehicle inspection causing delay and that is mandated by the employer for its own benefit, the employee—even when in his personal vehicle—is subject to the employer's control, and the time is compensable as 'hours worked' within the meaning of Wage Order No. 16."  Huerta, 15 Cal. 5th at 921–22.  But the arbitrator's decision explained Best Buy's policy's compliance with that opinion:  "Respondent's policy specifically states:  'All employees must remain punched in until the inspection is complete.  Once the inspection is complete, the employee should punch out and depart.'"  Arbitrator's Ruling on Defendants' Motion for Summary Judgment, Dkt. 55-2 at 5; see also id. at 26 (discussing prior cases holding that time spent searching employees' bags on exit was "subject to the control of an employer" and was compensable).

Plaintiff does not identify what portion of the arbitrator's decision conflicts with Huerta, or how resolution of any such conflict would affect the outcome of his claims.  At bottom, plaintiff's arguments reveal that he disagrees with the substance of the arbitrator's decision—not that the law has in fact materially changed.  That is not reason enough to set aside the decision's preclusive effect, nor are subsequent court opinions that continue to apply the preexisting law in a largely consistent manner.

c.      Public Policy Exception

7

1    Plaintiff argues that a PAGA claim for civil penalties is fundamentally a law

2    enforcement action, and imposing the statute's standing requirement would undercut its

3    public policy purpose.  He also argues that enforcing PAGA's standing requirement would

4    undercut the purpose of arbitration, because doing so would incentivize parties to devote

5    substantial resources to individual arbitration.  Defendants argue that the relevant public

6    policy consideration is issue preclusion, which conserves judicial resources and promotes

7    judicial economy by minimizing repetitive litigation, prevents inconsistent judgments

8    which undermine the integrity of the judicial system, and avoids the harassment of parties

9    through repeated litigation.

10    Plaintiff's argument is unavailing.  PAGA includes a standing requirement.

11   Reading that explicit requirement out of the statute would indeed be a bizarre way of

12   advancing its public policy goal.  The purpose of PAGA is not to encourage *any* claim

13   against employers, regardless of merit.  Instead, PAGA establishes a gatekeeping

14   limitation that only an "aggrieved employee" may bring a civil action "on behalf of the

15   employee and other current or former employees against whom a violation of the same

16   provision was committed".  Cal. Lab. Code § 2699(a).  That "aggrieved employee" must

17   have "personally suffered each of the violations alleged".  Cal. Lab. Code § 2699(c)(1).

18   These are statutory requirements—not vague speculations as to the policy objectives of

19   the statute—and plaintiff's policy arguments do not convince the court that they should be

20   cast aside.  Moreover, plaintiff's failed arbitration of his individual claims does not

21   preclude other plaintiffs who suffered employment violations from bringing PAGA claims.

## CONCLUSION

23    For the foregoing reasons, defendants' motion for summary judgement is

24   GRANTED.

25    **IT IS SO ORDERED.**

26   Dated:  September 4, 2024

27                                                      /s/ Phyllis J. Hamilton
                                                        PHYLLIS J. HAMILTON
28                                                      United States District Judge

8